## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## ROCK ISLAND DIVISION

| | | |
|---|---|---|
| CMB EXPORT, LLC, and | ) | |
| CMB SUMMIT LLC, d/b/a | ) | |
| CMB Regional Centers, | ) | |
| | ) | |
| *Plaintiffs* | ) | |
| | ) | |
| v. | ) | Case No. _____ |
| | ) | |
| KIM ATTEBERRY, | ) | |
| CHRISTOPHER ATTEBERRY, | ) | |
| ANGELIQUE BRUNNER, PETTLES | ) | |
| GROUP, LLC, d/b/a EB5 CAPITAL and | ) | |
| VERMILION CONSULTING, LLC | ) | |
| | ) | |
| *Defendants* | ) | |
| _____ | ) | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, defendants Angelique Brunner ("Brunner") and Pettles Group, LLC ("Pettles" and, collectively, "Defendants"), through their counsel, hereby remove the above-captioned action, *CMB Export, LLC v. Atteberry*, Case No. 2018 CH 68 (the "State Court Action"), from the Circuit Court of Rock Island County, Illinois ("Rock Island County Circuit Court") to the U.S. District Court for the Central District of Illinois. Defendants Kimberly Atteberry, Christopher Atteberry, and Vermillion Consulting, LLC, have informed Defendants that they consent to the removal of this action. In support thereof, Defendants state the following:

### Background

1.      On March 2, 2018, Plaintiffs filed the State Court Action. The State Court Action purports to allege claims for trade secret violations and interference with prospective economic

advantage. (Plaintiffs' Complaint ("Complaint" or "Compl.") (**Exhibit A**)). Defendants deny all of Plaintiffs' claims.

2.      Plaintiffs served Defendants with the Summons and Complaint in the State Court Action on March 12, 2018, via email. (Service of Process Transmittal (**Exhibit B**)). Defendants agreed to accept service via email.

3.      This Notice of Removal is timely filed within 30 days after Defendants were served with a copy of the initial pleading. *See* 28 U.S.C. § 1446(b).

## This Court Has Original Jurisdiction Because Plaintiffs Allege a Violation of a Federal Statute

4.      Removal is proper because this Court has original jurisdiction over this action based upon the provisions of 28 U.S.C. § 1331, which states that the "district courts shall have original jurisdiction of all civil actions arising under the…laws…of the United States."

5.      In Count II of their Complaint, Plaintiffs allege a violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, *et seq.*, a federal statute. Likewise, in their prayer for relief, Plaintiffs seek damages arising from Defendants' alleged "conspiracy to violate…federal law."

6.      This Court has supplemental jurisdiction over Plaintiffs' remaining claims, which arise out of the same set of facts as their federal claim, pursuant to 28 U.S.C. § 1367.

## This Court Has Original Jurisdiction Because Complete Diversity Exists and the Amount in Controversy Exceeds $75,000

7.      Upon information and belief, removal also is proper because this Court has original jurisdiction over this action based on the provisions of 28 U.S.C. § 1332(a).

8.      Upon information and belief, there is complete diversity of citizenship between both Plaintiffs and each of the Defendants.

9.      Upon information and belief, Plaintiffs are Texas limited liability companies (Compl. ¶ 1) – each with one or both of the same members: Kraig Schwingen and Patrick Hogan. (Dun and Bradstreet Report (**Exhibit C**)). Upon information and belief, Mr. Schwingen resides in Illinois, and Mr. Hogan resides in Texas (and also has a residence in Illinois). (Schwingen Dep. 5:22-6:3 (**Exhibit D**); Hogan Dep. 6:3-18 (**Exhibit E**)) Thus, upon information and belief, Plaintiffs are citizens of Illinois and Texas.

10.     Defendants Kimberly and Christopher Atteberry are the sole members of defendant Vermillion Consulting, LLC. The Atteberrys reside in New Mexico. Thus, defendants Kimberly and Christopher Atteberry and Vermillion Consulting, LLC are citizens of New Mexico.

11.     Defendant Angelique Brunner is the sole member of defendant Pettles Group, LLC. Defendant Brunner resides in Florida.  Thus, defendants Brunner and Pettles Group, LLC are citizens of Florida.

12.     This action also satisfies the amount in controversy requirement of 28 U.S.C. § 1332(a). In removal cases, when a complaint does not allege a specific amount of damages, the removing party bears the burden of proving, by a preponderance of evidence, that the amount in controversy exceeds the jurisdictional amount.  *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006); *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 447 (7th Cir. 2005).  The Seventh Circuit has provided several examples of how a defendant may do this, such as "by calculation from the complaint's allegations…." *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 541-42 (7th Cir. 2006).

13.     Defendants deny any liability and that Plaintiffs are entitled to any damages at all. Thus, to show that the amount in controversy is satisfied, Defendants rely solely upon Plaintiffs' allegations and do not admit or intend to admit any such allegations.

14.     As shown below, it is apparent from the Complaint that the amount in controversy is easily met. Count II of the Complaint's claims that Plaintiffs "suffered losses in excess of $50,000." A review of Plaintiffs' allegations makes clear that the remainder of their claims seek damages of more than $25,000 such that the true amount in controversy exceeds $75,000, exclusive of interest and costs.

15.     Count I of the Complaint alleges that Defendants "intentionally" and "knowingly" conspired to violate the Illinois Trade Secret Act ("ITSA"). (Compl. ¶¶ 31-32) Under the ITSA, a willful violation potentially entitles a plaintiff to "exemplary damages in an amount not exceeding twice an award made" for actual losses. 765 ILCS 1065/4(b). Coupled with the $50,000 Plaintiffs seek in Count II, the potential for actual and exemplary damages under Count II shows that the Complaint exceeds the jurisdictional sum of $75,000. *See Hendricks v. Oppenheimer Funds, Inc.*, 2010 U.S. Dist. LEXIS 96373, *4 (C.D. Ill. 2010) ("The $29,000.00 in compensatory damages supports the suggestion that the amount at stake on the total claim, including punitive damages and attorney fees, exceeds the jurisdictional sum of $75,000.00."); *Countrywide Home Loans, Inc. v. Stewart Title Guar. Co.*, 2007 WL 906154, at *4 (E.D. Wis. 2007) (claim of $25,000 in compensatory damages supports the conclusion that an available punitive damage claim puts more than $75,000 at stake).

16.     Other allegations in the Complaint further establish that Plaintiffs seek in excess of $75,000 in damages. In fact, with respect to just one transaction, Plaintiffs appear to allege losses in the millions:

In furtherance of this conspiracy Kim Atteberry falsely advised at least one CMB client, involved in the so-called "Buckingham transaction", one of the investment targets in Tennessee, a $46 million loan, that CMB was no longer interested in pursuing its project with the intent to direct the project to her own consulting company and to Angelique Brunner. (Compl. ¶ 20)

17.     Plaintiffs further allege interference with several other relationships, "including Waveland Financial, Buckingham Companies, Robert Swerdling and others. Kim Atteberry facilitated such communications by either arranging or trying to arrange direct communication between these customers and Angelique Brunner or acting as the intermediary." (*Id*.)

18.     "As a result of Defendants' actions in furtherance of their conspiracy and improperly taking and using CMB trade secrets and proprietary information,' Plaintiff allege CMB numerous categories of damages: (a) "lost business…in the form of lost customers and lost position in the marketplace"; and (b) "loss of the economic value of its trade secret information which it developed over a period of twenty years of experience in the EB5 business." (*Id.* ¶ 35)

19.     Although Defendants deny any liability or damages in this case, it is evident from the face of Plaintiffs' Complaint, the claims pleaded, and the damages sought (including compensatory and exemplary damages) that the amount in controversy exceeds $75,000, excluding interest and costs.

20.     A removing party "only must establish an amount in controversy by a good faith estimate that is 'plausible and adequately supported by the evidence.'" *Sabrina Roppo v. Travelers Commercial Insurance Co.*, 869 F.3d 568, 579 (7th Cir. 2017) (internal citation omitted). Once established, remand is appropriate "only if the plaintiff can establish the claim is for less than the requisite amount to a legal certainty." *Id*. (citing *Meridian*, 441 F.3d at 541).

21.     Further, Defendants need not confirm through discovery in the State Court Action that the jurisdictional amount is satisfied.  Indeed, "a defendant who wishes to remove a case to

federal court cannot 'wait for discovery responses that simply confirm what was obvious from the face of the complaint; in such cases, defendants are not insulated from a remand to state court.' It is not the law that 'cases are not removable until there has been an absolute affirmation via discovery ... that more than $75,000 [is] in issue.'" *Fields v. Jay Henges Enters., Inc.,* 2006 U.S. Dist. LEXIS 47948, at *11 (S.D. Ill. June 30, 2006) (citing *McCoy*, 226 F. Supp. 2d at 941); *see also Roe v. Michelin N. Am., Inc.,* 613 F.3d 1058, 1064 (11th Cir. 2010) ("[W]hen a district court can determine, relying on its judicial experience and common sense, that a claim satisfies the amount-in-controversy requirements, it need not give credence to a plaintiff's representation that the value of the claim is indeterminate.  Otherwise, a defendant could wrongly be denied the removal to which it is entitled"); *Century Assets Corp. v. Solow,* 88 F. Supp. 2d 659, 661 (E.D. Tex. 2000) (holding that a complaint "can facially state a claim over the jurisdictional amount when there are no numbers in the [complaint] at all").

22.    Thus, the amount in controversy requirement is satisfied absent a showing on the part of Plaintiffs that their claim is for less than $75,000.

### Additional Requirements for Removal

23.    Venue is proper in this Court because the action is being removed from the Rock Island County Circuit Court, which lies within the Central District of Illinois. *See* 28 U.S.C. §§ 1441(a) and 1446(a).

24.    Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly file with the Clerk of the Rock Island County Circuit Court and serve Plaintiffs a true and correct copy of this Notice of Removal.

25.    Pursuant to Fed. R. Civ. P. 7.1, two copies of the Corporate Disclosure Statement of Pettles Group, LLC are attached as **Exhibit F**.

26.     A completed Civil Cover Sheet is attached as **Exhibit G**.

27.     By filing this Notice of Removal, Defendants do not waive any jurisdictional objection or other defense that is or may be available to them.

WHEREFORE, Defendants respectfully removes the State Court Action pending in the Rock Island County Circuit Court to this Court.

Dated: March 13, 2018                              Respectfully submitted,

GREENBERG TRAURIG, LLP

/s/    Gabriel Aizenberg
Scott Mendeloff
Gabriel Aizenberg
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
Tel: 312-456-8400
*Attorneys for Defendants Angelique Brunner and Pettles Group, LLC*

- 7 -

## CERTIFICATE OF SERVICE

The undersigned certifies that the attached **Notice of Removal** was served via email and United States mail, first class postage prepaid, on this 13th day of March, 2018 to the following:


Judith S. Sherwin                              Robert B. McMonagle
Lewis Brisbois Bisgaard & Smith LLP            Lane & Waterman LLP
550 West Adams Street, Suite 300               220 N. Main Street, Suite 600
Chicago, IL 60661                              Davenport, IA 52801-1987



By:      */s/   Gabriel Aizenberg*_____
                Gabriel Aizenberg