UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| CMB EXPORT, LLC, and CMB SUMMIT, LLC d/b/a CMB REGIONAL CENTERS, <br><br> Plaintiffs, <br><br> v. <br><br> KIMBERLY ATTEBERRY, CHRISTOPHER ATTEBERRY, ANGELIQUE BRUNNER, PETTLES GROUP, LLC d/b/a EB5 CAPITAL and VERMILION CONSULTING, LLC, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No.: 4:18-cv-04050-SLD-JEH <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**MOTION FOR DISMISSAL OF ATTEBERRY DEFENDANTS OR,
IN THE ALTERNATIVE, MOTION FOR LEAVE TO AMEND**

Plaintiffs, CMB EXPORT, LLC and CMB SUMMIT, LLC d/b/a CMB REGIONAL CENTERS ("Plaintiffs" or "CMB"), by and through undersigned counsel and pursuant to the Court's November 29, 2018 Text Order, hereby file this Motion for Dismissal of Kimberly Atteberry, Christopher Atteberry and Vermilion Consulting, LLC (the "Atteberry Defendants") pursuant to the Court's inherent authority. In the alternative, Plaintiffs move for leave to file a Second Amended Complaint pursuant to Fed. R. Civ. P. 15(a) and CDIL - LR 7.1(f).

1. On November 16, 2018, CMB and the Atteberry Defendants filed a Joint Notice of Settlement Between Plaintiffs and Defendants Kimberly Atteberry, Christopher Atteberry and Vermillion Consulting, LLC. [Dkt. 43].

2. Therein, CMB and the Atteberry Defendants indicated they have agreed to file a Stipulation of Dismissal Without Prejudice of the claims against the Atteberry Defendants on December 10, 2018.

3.  On November 29, 2018, this Court entered a text order noting that "the Seventh Circuit has held that 'Rule 41(a) should be limited to dismissal of an entire action.' *Taylor v. Brown*, 787 F.3d 851, 857 (7th Cir. 2015)." As such, the Court ordered the Plaintiffs and Atteberry Defendants to "file an appropriate motion or stipulation, with a supporting memorandum explaining how the Court can take the requested action."

4.  The Court noted in its order that the Seventh Circuit "suggests construing a Rule 41(a) request seeking dismissal of less than an entire action as a motion to amend a complaint under Rule 15(a)(2)," which "allows a court to give a party leave to amend its complaint and provides that such leave should be 'freely give[n]... when justice so requires.'"

5.  In compliance with the Court's Order, CMB files this Motion requesting the Court to dismiss the Atteberry Defendants pursuant to the Court's inherent authority. In the alternative, CMB seeks leave of Court to file a Second Amended Complaint to remove the Atteberry Defendants as parties to the action pursuant to Rule 15(a).

**MEMORANDUM OF LAW**

**I.     The Court May Exercise Its Inherent Authority to Dismiss the Atteberry Defendants**

The Supreme Court has recognized that "a district court possesses inherent powers that are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Dietz v. Bouldin*, 136 S. Ct. 1885, 1891 (2016). The Court explained that the Federal Rules of Civil Procedure "are not all encompassing" and "[t]hey make no provision for . . . many other standard procedural devices trial courts around the country use every day in service of Rule 1's paramount command: the just, speedy, and inexpensive resolution of disputes." *Id*; *see also Boriboune v. Berge*, No. 04-C-0015-C, 2004 U.S. Dist. LEXIS 3926, at *15-16 (W.D. Wis. Mar. 8, 2004) ("A district court has inherent authority to manage its cases and it is vested with discretion to bring or drop a party."); *Momient v. Nw.*

*Collectors, Inc.*, 666 F. App'x 531, 536 (7th Cir. 2016) ("A district court has the power to manage its own docket. . . These powers are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases").

In *Jose-Nicolas v. Berry*, No. 3:15-cv-964-NJR-DGW, 2018 U.S. Dist. LEXIS 198962, at *12 (S.D. Ill. Mar. 2, 2018), the Southern District of Illinois relied on its inherent authority, as explained in *Dietz,* to dismiss partial claims and parties in the action. The court noted that the requests to dismiss one party were "long handled . . . under Federal Rule of Civil Procedure 41(a)." *Id*. at *9. However, the court recognized that "the Seventh Circuit no longer permits this approach because it does not square with a plain reading of Rule 41(a)(2)." *Id*. (citing *Taylor v. Brown*, 787 F.3d 851, 857 (7th Cir. 2015)). Now, "dropping an individual or claim should be accomplished through an amendment under Rule 15(a)." *Id*. While the court acknowledges the Seventh Circuit's ruling in *Taylor*, the court highlighted the inefficiency that Rule 15 could cause at times:

> Using Rule 15 to whittle down the defendants or the claims in a case, however, can be inefficient and lead to unnecessary delays and expenses. There are obvious instances—such as when the plaintiff settles with one of multiple defendants or the parties stipulate to the dismissal of a particular defendant or a particular claim—that it would serve no purpose to require the plaintiff to move to amend his complaint, for which leave would be freely granted, and then require the defendant to answer the new complaint. The additional filings would amount to nothing more than busy work that clutters the docket.

*Id*.

In order to avoid the inefficiency, delay and cost that accompany Rule 15, the court turned to its inherent authority and found that dismissing one party to an action is " 'a reasonable response to the problems and needs confronting the court's fair administration of justice,' and it is not 'contrary to any express grant of or limitation on the district court's power contained in a rule or statute.' " *Id*. (citing *Dietz*, 136 S. Ct. at 1891-92.); s*ee also* 9 Charles Alan Wright & Arthur R. Miller, Federal

Practice and Procedure Civil § 2362 (3d ed.) ("The power to drop some plaintiffs or some defendants from the suit plainly exists, either in the Civil Rules or in the inherent power of the district court.").

Consistent with the court's ruling in *Jose-Nicolas v. Berry*, other District Courts in this Circuit have turned to their inherent authority to dismiss a party or claims in an action. *Mellenthin v. Casey's Gen. Stores, Inc.*, No. 17-CV-68-NJR-SCW, 2018 U.S. Dist. LEXIS 27868, at *2 (S.D. Ill. Feb. 21, 2018) ("While the Court acknowledges the plain reading of the rule, it finds that dismissing this plaintiff, rather than ordering amendment of the complaint, is in the interest of judicial economy in this particular case."); *Manuel v. Nalley*, No. 15-CV-783-SMY-RJD, 2017 U.S. Dist. LEXIS 211558, at *1-2 (S.D. Ill. Dec. 26, 2017) ("While the Court acknowledges the plain reading of the Rule, it finds that dismissing defendants Char and Howell, rather than ordering amendment of the Complaint, is in the interest of judicial economy considering the posture of this case."); *Jordan v. Sherrod*, No. 3:15-cv-97-DGW, 2017 U.S. Dist. LEXIS 112570, at *4-5 (S.D. Ill. July 19, 2017) ("While the Court acknowledges the plain reading of the rule, it finds that dismissing the excessive force claim against Defendant McAllister, rather than ordering amendment of the complaint, is in the interest of judicial economy."); *Holmes v. Constr. Turnaround Servs.*, No. 16-cv-1338-JPG-DGW, 2017 U.S. Dist. LEXIS 101233, at *5 n.1 (S.D. Ill. June 29, 2017) ("The Court is aware that Holmes should have filed an amended pleading omitting the claim against May rather than seeking to dismiss less than the entire action. *See Taylor v. Brown*, 787 F.3d 851, 857 (7th Cir. 2015). However, the result of an amended pleading has been achieved; the claim against May is no longer in this case."); *Turner v. Bruce*, No. 17-cv-578-bbc, 2018 U.S. Dist. LEXIS 7261, at *1 (W.D. Wis. Jan. 17, 2018) ("A voluntary dismissal of individual claims or parties falls under Rule 15(a). For this reason, I will construe the notice as a request to amend the complaint to remove the Wisconsin state law claims

and will grant that request. Accordingly, although the current complaint will remain the operative pleading unless otherwise amended, plaintiff's Wisconsin state law claims are dismissed.").

As in *Jose-Nicolas v. Berry*, the Court should exercise its inherent authority to dismiss the Atteberry Defendants from this action to avoid unnecessary delay and cost. Currently, the remaining Defendants, Angelique Brunner and Pettles Group, LLC d/b/a EB5 Capital (collectively "Brunner Defendants"), have several pending motions lodged against the Amended Complaint. Specifically, on July 26, 2017 the Brunner Defendants filed their Motion to Dismiss. [Dkt. 25]. On August 30, 2018, Brunner Defendants filed an Amended Motion for Leave to File a Reply in Support of their Motion to Dismiss. [Dkt. 35]. On October 17, 2018, in response to a Court Order, Plaintiffs filed a Supplemental Briefing on Count I of the Amended Complaint. [Dkt 41]. On October 29, 2018, Brunner Defendants filed a Response to the Supplemental Briefing on Count I of the Amended Complaint. [Dkt. 42]. If Plaintiffs were to file a Second Amended Complaint, the foregoing briefings would be deemed moot and the parties would be required to re-brief and re-file after an amended complaint is filed. This would result in further delay in moving toward discovery, as well as unnecessary cost to the parties. Accordingly, it is requested that the Court should exercise its inherent authority and allow for dismissal of the Atteberry Defendants from the action.

II. **In the Alternative, The Court Should Grant Leave to Permit Plaintiffs to File a Second Amended Complaint That Removes the Atteberry Defendants as Parties, Pursuant to Rule 15(a)**

In the alternative to dismissing the Atteberry Defendants, CMB seeks leave of court to file the attached Second Amended Complaint that removes the Atteberry Defendants as parties to the action. *See* Proposed Second Amended Complaint attached as Exhibit 1. In *Taylor v. Brown*, 787 F.3d 851, 857 (7th Cir. 2015), the Seventh Circuit ruled that "Rule 41(a) should be limited to dismissal of an entire action." As such, the Seventh Circuit instructed that amending the pleadings under Rule 15(a) is the proper vehicle for dropping parties in an action." *Id*.

Rule 15(a) provides that the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). A court should only deny leave "where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *FTC v. Dish Network L.L.C.*, No. 12-3221, 2013 U.S. Dist. LEXIS 33514, at *18 (C.D. Ill. Mar. 11, 2013).

Here, the sole purpose of CMB's motion for leave to amend is to drop the Atteberry Defendants as parties to the action based on a settlement agreement reached by the parties. Thus, leave to amend would be in the interest of justice as it facilitates the oft-encouraged settlement between parties. *Ransburg Electro-Coating Corp. v. Spiller & Spiller, Inc.*, 489 F.2d 974, 978 (7th Cir. 1973) ("It cannot be gainsaid that in general settlements are judicially encouraged and favored as a matter of sound public policy."); *Metro. Hous. Dev. Corp. v. Vill. of Arlington Heights*, 616 F.2d 1006, 1013 (7th Cir. 1980) ("The law generally favors and encourages settlements.").

CMB has not caused undue delay and is not seeking an amendment in bad faith or pursuant to a dilatory motive. CMB has not repeatedly failed to cure deficiencies and there is no undue prejudice to the remaining defendants as the action is still at the motion to dismiss stage. Further, an amendment is not futile as CMB is asserting the identical causes of action that are asserted in the operative complaint. Here, the purpose of the amendment is solely to facilitate a settlement reached with the Atteberry Defendants. As such, the Court should properly grant leave to amend.

WHEREFORE, Plaintiffs, CMB EXPORT, LLC and CMB SUMMIT, LLC d/b/a CMB REGIONAL CENTERS, respectfully request the Court enter an Order dismissing Defendants, KIMBERLY ATTEBERRY, CHRISTOPHER ATTEBERRY AND VERMILION CONSULTING, LLC, or in the alternative, granting Plaintiffs leave to file the attached Second Amended Complaint.

DATED on this 10th day of December, 2018.

Respectfully submitted,

By: /s/Kenneth J. Joyce
Kenneth J. Joyce, Esq.
Florida Bar No. 986488
Stacy M. Schwartz, Esq.
Florida Bar No. 520411
**LEWIS BRISBOIS BISGAARD & SMITH, LLP**
*Counsel for Plaintiffs CMB Export, LLC and CMB Summit, LLC d/b/a CMB Regional Centers*
110 Southeast Sixth Street, Suite 2600
Fort Lauderdale, Florida 33301
Telephone:   954.728.1280
Facsimile:   954.728.1282
E-Service:   ftlemaildesig@lewisbrisbois.com
E-Mail:   Ken.Joyce@lewisbrisbois.com
E-Mail:   Stacy.Schwartz@lewisbrisbois.com

John J. Michels, Jr., Esq.
ARDC No.: 6278877
Judith S. Sherwin, Esq.
ARDC No.: 2585529
**LEWIS BRISBOIS BISGAARD & SMITH, LLP**
*Counsel for Plaintiffs CMB Export, LLC and CMB Summit, LLC d/b/a CMB Regional Centers*
550 West Adams Street, Suite 300
Chicago, Illinois 60661
Telephone:   312.345.1718
Facsimile:   312.345.1778
E-Service:   den.e-storage@lewisbrisbois.com
E-Mail:   John.Michels@lewisbrisbois.com
E-Mail:   Judith.Sherwin@lewisbrisbois.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system and served electronically to Counsel for all Parties on the below Service List on this 10th day of December, 2018.

**SERVICE LIST**

Robert B McMonagle, Esq.
Andrea D. Mason, Esq.
LANE & WATERMAN LLP
*Counsel for Defendants Kim Atteberry, Christopher Atteberry and Vermilion Consulting, LLC*
220 N Main Street, Suite 600
Davenport, Iowa 52801-1987
Telephone:    563.324.3246
Facsimile:    563.324.1616
E-Mail:  rmcmonagle@l-wlaw.com
E-Mail:  amason@l0wlaw.com

Scott T Mendeloff, Esq.
Gabriel Aizenberg, Esq.
GREENBERG TRAURIG LLP
*Counsel for Defendants Angelique Brunner, Pettles Group, LLC, d/b/a EB5 Capital*
77 W Wacker Drive, Suite 3100
Chicago, Illinois 60601
Telephone:    312.456.8400
Facsimile:    312.456.8435
E-Mail:  mendeloffs@gtlaw.com
E-Mail:  aizenbergg@grtlaw.com

   */s/ Kenneth J. Joyce*
   Kenneth J. Joyce, Esq.